# DISTRICT COURT OF GUAM

| | |
|---|---|
| WSTCO QUALITY FEED AND SUPPLY,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY J. ADA, etc., *et al.*,<br><br>Defendants. | CIVIL CASE NO. 17-00127<br><br>**ORDER**<br>1. Denying Motion for Protective Order and Stay of Discovery (ECF No. 107)<br>2. Denying as Moot Motion to Shorten Time (ECF No. 109);<br>3. Denying Request for Attorney's Fees and Costs and Motion for Posting of a Bond (ECF No. 112); and<br>4. Denying Request for Hearing (ECF No. 116) |

There are several pending motions before the court relating to the deposition of Defendant Jay Rojas.[1] On April 30, 2019, the Plaintiff served a deposition subpoena on Defendant Rojas and scheduled the deposition to take place on June 11, 2019, in the state of Hawaii. *See* Ex. A to Concepcion Decl., ECF No. 108-1. When counsel for Defendant Rojas and the Plaintiff could not resolve their discovery dispute, Defendant Rojas filed a Motion for Protective Order and Stay of Discovery (the "Motion for Protective Order"), along with a declaration of his counsel, on May 10, 2019. *See* ECF Nos. 107-08. Defendant Rojas requested a protective order quashing the noticed deposition and a stay of all discovery involving him while Defendant Rojas's appeal was pending before the Ninth Circuit.[2]

---

[1] Defendant Rojas was sued individually and in his personal capacity as the Administrator of the Guam Economic Development Authority ("GEDA"). The Plaintiff also sued Defendants Ada, Laguana, Cruz, Sablan, Wessling, Eclavea and Orlino individually and in their personal capacities as officers or commissioners of the Guam Ancestral Lands Commission ("GALC").

[2] The Guam Ancestral Lands Commission Defendants and Defendant Rojas filed Motions to Dismiss the Amended Complaint. *See* ECF Nos. 65 and 75. On March 14, 2019, Chief Judge Manglona issued a Decision and Order granting in part and denying in part the GALC's Motion to Dismiss and denying Defendant Rojas' Motion to Dismiss. *See* Order, ECF No. 88. The court found that WSTCO had stated an equal protection violation claim and that none of the Defendants enjoyed

1 On May 16, 2019, Defendant Rojas filed a Motion to Shorten Time to brief and hear the Motion for Protective Order. *See* ECF No. 109. The motion set forth an expedited briefing schedule agreed to by the parties. *Id.* at 2.

On May 24, 2019, the Plaintiff filed an Opposition to the Motion for Protective Order (the "Opposition"). *See* Opp'n, ECF No. 112. The Plaintiff asserted the Motion for Protective Order was "frivolous and unnecessary" and thus requested that the court award it attorney's fees and costs. *Id.* at 5, n.1. If the court was inclined to grant the Motion for Protective Order, the Plaintiff requested that Defendant Rojas be required to post a bond in the amount of the attorney's fees incurred by the Plaintiff to date. *Id.* at 17-18.

On May 30, 2019, Defendant Rojas filed a Reply to the Opposition, which also responded to the Plaintiff's request for attorney's fees and the posting of a bond. *See* Reply, ECF No. 113.

On June 4, 2019, the Plaintiff filed it's reply to Defendant Rojas's response. *See* ECF No. 115.

On June 6, 2019, Defendant Rojas filed a Request for Hearing. *See* ECF No. 116.

The court has reviewed all the motions and pertinent filings. Briefing on the Motion for Protective Order is completed as agreed, so the court DENIES as moot the Motion to Shorten Time. Additionally, the court does not believe that oral argument will aid the court in reaching a resolution of these matters, and accordingly the Request for Hearing is DENIED.

With regard to the Motion for Protective Order, the Plaintiff asserts that in proceeding to litigate its claims against GEDA, it is necessary to conduct discovery, which includes discovery from GEDA's current and former employees, and Defendant Rojas is one such individual. Opp'n at 1-2, ECF No. 112. Although the claims against Defendant Rojas are currently stayed while his appeal is pending, the Plaintiff argues that he nonetheless is a percipient witness for claims against GEDA.

---

qualified immunity. *Id.* at 2. The court further ruled that WSTCO's claim as to the 2010 cancellation of the lease was barred by the statute of limitation but the claim as to the second 2017 cancellation was timely filed. *Id.*

The GALC Defendants and Defendant Rojas thereafter filed interlocutory appeals of Judge Manglona's Order. *See* ECF Nos. 99-100. The case is stayed as to those defendants but proceeds against Defendant GEDA, which cannot assert a qualified immunity defense.

*Id.* at 15.

Although the parties have raised arguments about which rule – either Rule 45(d)(3) or 26(c) – provides the proper mechanism for preventing the scheduled deposition, the court declines to engage in such argument since the parties both agree that this court has the authority to issue a protective order under Rule 26(c). Accordingly, the court will treat the Motion for Protective Order as being brought under Rule 26(c), which provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party opposing disclosure has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Having reviewed the parties' filings, the court finds that Defendant Rojas has failed to meet his burden of proving good cause to prevent the scheduled deposition from going forward or to stay all discovery as to him specifically until his appeal is resolved. As cited by the Plaintiff, several court have denied similar requests for a stay of discovery even when an appeal of the denial of qualified immunity is pending. *See* Opp'n at 11-13, ECF Nos. 112. The court agrees with the Plaintiff that Defendant Rojas is a percipient witness as to Plaintiff's claims against GEDA, and the trial of said claims is scheduled to commence in November 2019. As the court noted in *Mendia v. Garcia*, "limited discovery as to [the appealing d]efendants is appropriate because regardless of whether they are entitled to qualified immunity, they will still need [to] participate in discovery as percipient witnesses[.]" *Mendia v. Garcia*, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016). Defendant Rojas will not be unreasonably burdened since the deposition will occur in the state in which he now resides. Furthermore, to avoid undue expense in having to hire an attorney in Hawaii, his Guam counsel may participate by video conference or by telephone if said counsel is unable to personally attend the deposition. Finally, Defendant Rojas is no longer a government employee, so the public policy justifications for relieving him from the burdens of discovery have little or no effect. Because Defendant Rojas has not shown good cause, the court

DENIES the Motion for Protective Order.

Having denied the Motion for Protective Order, the court further DENIES the Request for Attorney's Fees and Costs and Motion for Posting of a Bond. The court does not believe that the filing of the Motion for Protective Order was frivolous or unnecessary. Given the circumstances of this case, the court finds that an award of expenses would be unjust.

IT IS SO ORDERED.

**/s/ Joaquin V.E. Manibusan, Jr.**
    **U.S. Magistrate Judge**
**Dated: Jun 07, 2019**